ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RYAN PATRICK SNOW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 308-065 |
| | ) | |
| BILLY BROWN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Dodge State Prison ("DSP") in Chester, Georgia, brought the above-captioned case *pro se* pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint was filed *in forma pauperis* ("IFP"), it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

On May 29, 2008, Plaintiff filed his complaint in the Northern District of Georgia, Atlanta Division. Because Dodge State Prison is located in the Southern District of Georgia, the matter was transferred to the Dublin Division of this District. (Doc. no. 3). As Plaintiff's complaint was filed on forms used in the Northern District of Georgia, Plaintiff was instructed

to submit a new complaint using the forms utilized by incarcerated litigants in the Southern District of Georgia. (Doc. no. 5). Plaintiff filed his amended complaint on the forms used in the Southern District, and it is this document that the Court will now screen.

## I. BACKGROUND

*Liberally* construing Plaintiff's amended complaint, the Court finds the following. Plaintiff names the following Defendants: (1) Billy Brown, Warden of DSP; (2) David McNeil, Deputy Warden of DSP; (3) Tina Sanders, Deputy Warden of DSP; (4) Stuart Rogers, Unit Manager; (5) David Hogan, Chief Counselor; (6) Joey Mullis, Captain; and (7) FNU Stanley, Notary Public. (Doc. no. 7, p. 1).

Plaintiff claims that on April 3, 2008, he sent a letter to Defendants Brown and McNeil regarding concerns Plaintiff had about "his safety and well being." (Doc. no. 7, p. 8). As a result of Defendants' failure to respond to this letter, Plaintiff alleges that he suffered "bodily injury." (Id.). Plaintiff further alleges that after he was assaulted, he was placed in segregation as punishment for approximately 11 to 12 days. (Id.). Furthermore, upon being released from segregation, Plaintiff alleges that he was placed in the same housing unit as the inmate who assaulted him. (Id.). This inmate was subsequently moved from Plaintiff's housing unit. (Id. at 8-9). Plaintiff provides evidence that he filed an informal grievance on May 15, 2008 regarding the housing incident but that this grievance was untimely "due to Plaintiff's ignorance of grievance filing." (Id. at 9, 14).

Plaintiff goes on to maintain that on June 12, 2008, he was again placed in the same housing unit as the inmate who had previously assaulted him. (Id. at 9). He contends that placed him in "reasonable fear of battery of immediate bodily harm." (Id.). Plaintiff again

2

provides evidence that he filed an informal grievance on the same day regarding this matter, and that his grievance was turned over to a housing unit counselor, Mr. Sargent, and forwarded to Defendant Sanders. (Id.). He states that he received a response the next day, which informed him that his filing was a "non-grievable issue." (Id.). Plaintiff requests the Court to grant him relief for the annoyance, anxiety, harassment, and mental anguish he has suffered. (Id. at 11). He also requests that the Court grant him compensatory, "exemplary," and punitive damages. (Id.).

## II. DISCUSSION

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." The PLRA's mandatory exhaustion requirement applies to all federal claims brought by any inmate. Porter v. Nussle, 534 U.S. 516, 520 (2002). The Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate. Alexander v. Hawk, 159 F.3d 1231, 1325-26 (11th Cir. 1998).

Moreover, the PLRA "requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 88 (2006). In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must also comply with any administrative "deadlines and other critical procedural rules" along the way. Id. at 90-91 (internal quotation omitted). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Johnson v. Meadows, 418

3

F.3d 1152, 1159 (11th Cir. 2005), *cert. denied*, 548 U.S. 925 (2006). Put plainly, "a Georgia prisoner 'must timely meet the deadlines or the good cause standard of Georgia's administrative grievance procedures.'" Salas v. Tillman, 162 Fed. App'x 918, 920 (11th Cir. 2006) (quoting Johnson, 418 F.3d at 1155); see also Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999) ("Since appellant has not sought leave to file an out-of-time grievance, he cannot be considered to have exhausted his administrative remedies."). Furthermore, in order to exhaust all available administrative remedies, an inmate must pursue an administrative appeal if his grievance is denied. Moore v. Smith, 18 F. Supp. 2d 1360, 1362 (N.D. Ga. 1998).

Also, because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, an inmate must complete the administrative process *before* initiating suit. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (*per curiam*); see also Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999). In this Circuit, "[a] claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998). Finally, under the PLRA, the Court has no discretion to inquire into whether administrative remedies are "plain, speedy, [or] effective." Porter, 534 U.S. at 524; see also Alexander, 159 F.3d at 1326. Rather, under the PLRA's "strict exhaustion" requirement, administrative remedies are deemed "available" whenever "'there is the possibility of at least some kind of relief.'" Johnson, 418 F.3d at 1155, 1156.

Within the Georgia Department of Corrections, the administrative grievance process is governed by SOP IIB05-0001. Once an inmate has unsuccessfully attempted to resolve a complaint through discussion with the staff involved, the administrative remedies procedure

4

commences with the filing of an informal grievance. SOP IIB05-0001 § VI(B)(1). The inmate has ten (10) calendar days from "the date the offender knew, or should have known, of the facts giving rise to the grievance" to file the informal grievance. Id. § VI(B)(5). The timeliness requirements of the administrative process may be waived upon a showing of good cause. See id. § VI(C)(2) & (D). The SOP requires that an inmate be given a response to his informal grievance within ten (10) calendar days of its receipt by the inmate's counselor; the informal grievance procedure must be completed before the inmate will be issued a formal grievance. Id. § VI(B)(12)-(13).

If unsatisfied with the resolution of his informal grievance, an inmate must complete a formal grievance form and return it to his counselor within five (5) business days of his receipt of the written resolution of his informal grievance. Id. § VI(C)(2). Once the formal grievance is given to the counselor, the Warden/Superintendent has thirty (30) calendar days to respond. Id. § VI(C)(14). If the inmate is not satisfied with the Warden's response to the formal grievance, he has five (5) business days from the receipt of the response to file an appeal to the Office of the Commissioner; the Office of the Commissioner or his designee then has ninety (90) calendar days after receipt of the grievance appeal to respond. Id. § VI(D)(2),(5). The grievance procedure is terminated upon the issuance of a response from the Commissioner's Office. Id.

Here, Plaintiff admits that he did not fully comply with the administrative grievance procedure. (Doc. no. 7, p. 5). Furthermore, Plaintiff's complaint states that he only attempted to resolve his housing issues by filing informal grievances. The first was filed on May 15, 2008 regarding his alleged placement with an inmate who had assaulted him following his release

5

from segregation. Plaintiff does not describe the ultimate outcome of this grievance. The second was filed on June 12, 2008 regarding re-placement with the same inmate. Plaintiff states that the response to his June 2008 grievance deemed the matter "non-grievable."[1] Notably, Plaintiff does not state that he filed a formal grievance as to either informal grievance. Nor does he state that he appealed either issue to the Office of the Commissioner. Thus, Plaintiff has failed to properly exhaust his administrative remedies as required by the PLRA.

To the extent Plaintiff may be arguing that administrative remedies were unavailable to him due to threats of retaliation, the Court finds this argument to be without merit. In Porter, cited *supra*, the Supreme Court held that the PLRA's exhaustion requirement applied even to a prisoner alleging that the use of excessive force was a "prevailing circumstance" at his place of incarceration. Porter, 534 U.S. at 532. Justice Ginsberg, writing for a unanimous Court, explained that a prisoner's allegations of "a prolonged and sustained pattern of harassment and intimidation by corrections officers," cannot serve to remove his case from the ambit of § 1997e(a). Id. at 530. Thus, the Court is not persuaded that any fear of retaliation Plaintiff may have experienced at DSP served to render administrative remedies unavailable.

More importantly, although it is arguable that threats of violent reprisal can, under certain circumstances, render administrative remedies "unavailable" or otherwise justify an inmate's failure to pursue them, see, e.g., Hemphill v. New York, 380 F.3d 680, 686-91 (2d Cir. 2004), the Court is not persuaded that the instant case presents any such circumstances. Indeed,

---

[1] The Court notes that "any condition, policy, procedure, action or lack thereof that affects inmates and is in the control of the Department of Corrections, other than [those specifically excluded], may be grieved." SOP IIB05-0001 § VI(A)(5)(b). Furthermore, SOP IIB05-0001 § VI(A)(4)(g), relating to non-grievable issues, states that "any grievance alleging retaliation, misconduct or harassment is grievable regardless of the form."

Plaintiff began the administrative remedy process by filing informal grievances; he simply failed to complete the process before filing the instant suit. As exhaustion of administrative remedies is a "precondition" to filing an action in federal court, Plaintiff had to complete the administrative process *before* initiating this suit. Since he failed to file formal grievances and appeal to the Office of the Commissioner prior to initiating this suit, Plaintiff's claims should be dismissed without prejudice.[2]

### III. CONCLUSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** for failure to exhaust administrative remedies and that this civil action be **CLOSED**.[3]

SO REPORTED and RECOMMENDED this 4th day of November, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2]The Court recognizes that the Supreme Court recently held that under the Prison Litigation Reform Act, exhaustion of administrative remedies is an affirmative defense. Jones v. Bock, 127 S. Ct. 910 (2007). However, if the allegations in the complaint, taken as true, demonstrate that a prisoner's claims are barred by an affirmative defense, the complaint is subject to dismissal for failure to state a claim upon which relief can be granted. Id. at 921-22; see also Clark v. Georgia Bd. of Pardons and Paroles, 915 F.2d 636, 640-41 (11th Cir. 1990) (explaining that district court may dismiss prisoner's complaint "if [it] sees that an affirmative defense would defeat the action," including the prisoner's failure to exhaust "alternative remedies"). Therefore, because it is clear from the face of Plaintiff's complaint that he failed to exhaust his administrative remedies, the Court can properly recommend that Plaintiff's complaint be dismissed.

[3]As the Court is recommending dismissal of Plaintiff's case, Plaintiff's motion requesting that the Court instruct the United States Marshals to serve Defendants is **MOOT**. (Doc. no. 12).

7